**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| | ) | |
| | ) | **CASE NO: 3:23-BK-01911** |
| **IN RE:** | ) | |
| | ) | **CHAPTER 13** |
| **CURTIS RANDOLPH DIGGS,** | ) | |
| | ) | **JUDGE RANDAL S MASHBURN** |
| | ) | |
| | ) | **HEARING DATE: August 16, 2023** |
| | ) | **HEARING TIME: 09:00 AM** |
| Debtor | ) | |
| | ) | **Joint Hearing Courtroom (NSH); (Virtual** |
| | ) | **hearing if allowed; see website for details); 701** |
| | ) | **Broadway, Nashville, TN 37203** |
| | ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND PLAN TERMS**
**FILED BY ALLY BANK**

Comes now, Ally Bank, ("Creditor"), by and through its attorney, and in support of its Objection to Confirmation of Chapter 13 Plan and Plan Terms, would state and show unto the Court that:

1. Ally Bank is a creditor of Debtor Curtis Randolph Diggs, by virtue of that certain Retail Installment Sales Contract ("Contract") dated August 13, 2022, arising out of the purchase of a 2022 RAM Ram 2500 Promaster vans high roof cargo van 159 WB 3.6L V6, VIN: 3C6LRVDGXNE105383 ("Vehicle"). Creditor holds a validly perfected, first priority security interest in the Vehicle as noted on the Certificate of Title issued by the State of Tennessee.

1

2. Pursuant to the Retail Installment Sales Contract, the amount due and owing to Creditor is $56,156.92 with interest at 8.7900%.

3. The Debtor proposes in the Plan that the claim of Creditor be secured for $56,156.92 with 8.25%.

4. Pursuant to 11 U.S.C. Section 1325(a), Creditor objects to the Chapter 13 Plan because:

(a) Creditor has a validly perfected purchase money security interest in said Vehicle.

(b) The debt on said Vehicle was incurred within 910 days preceding the date of the filing of this Petition and acquired for the personal use of the Debtor.

(c) Creditor is entitled to be paid in full on the entire claim amount of $56,156.92 at a Till rate of interest.

5. Creditor objects to the language in Section 3 of the proposed Chapter 13 Plan which states "if relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease." "[A] debtor cannot modify a Chapter 13 plan under section 1329(a) by: 1) surrendering the collateral to a creditor; 2) having the creditor sell the collateral and apply the proceeds toward the claim; and 3) having any deficiency classified as an unsecured claim. *Chrysler Financial Corp. v. Nolan (In re Nolan),* 232 F.3d 528, 535 (6th Cir. 2000). The principles of Nolan have been extended to matters in which a secured creditor is granted relief from the automatic stay. In re Adkins, 425 F. 3d. 296, 303 (6th Cir. 2005).

6. Creditor objects to any disbursement being made to the Debtor's Counsel or any other creditor post-confirmation prior to the initiation of its ongoing payments as provided in the confirmed Plan.

7. Debtor's proposed Chapter 13 Plan does not meet the requirements of 11 U.S.C. § 1325(a) in that it does not provide adequate protection for Creditor's interests pursuant to 11 U.S.C. § 361, fails to propose an interest rate that will pay the present value of Creditor's secured claim.

8. Therefore, the Plan does not meet the requirements of 11 U.S.C. §1325 and should not be confirmed.

WHEREFORE, the above premises considered, Creditor prays:

1. That confirmation of the Debtor's Chapter 13 Plan, as presently proposed, be denied.

2. For such other relief to which it may be entitled.

2

Respectfully submitted:

*/s/ Victoria A. Ferraro*
**Victoria A. Ferraro**
20707
2209 Crestmoor Road Suite 210
Nashville, TN 37215
(615) 242-1611
(615) 242-0124
victoriaferraro@fhalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection To Confirmation of Chapter 13 Plan and Plan Terms Filed by Ally Bank was served upon Filers through the CM/ECF System.

STEVEN L LEFKOVITZ
LEFKOVITZ AND LEFKOVITZ, PLLC
908 Harpeth Valley Place
NASHVILLE, TN 37221
(615) 256-8300
Debtor's Attorney

HENRY EDWARD HILDEBRAND, III
PO BOX 340019
NASHVILLE, TN 37203
Chapter 13 Trustee

US TRUSTEE
701 BROADWAY STE 318
NASHVILLE, TN 37203

and by U.S. Mail, postage prepaid upon:

Curtis Randolph Diggs
317 Sportsman Drive
Lavergne, TN 37086

this the

*/s/ Victoria A. Ferraro*
Victoria A. Ferraro